Chief Justice Robertson
delivered the Opinion of the Court.
Pope covenanted to indemnify Davidson against any damage he might sustain in consequence of becoming a surety for one Gregory.
This suit was brought for an alleged breach of that undertaking; and Davidson having recovered a judgment for damages, this court reversed the judgment, and remanded the case for a new trial.
. On the trial in the Circuit Court, after the return of the case from this court, Davidson obtained a judgment *272 for only nominal damages; and to reverse that judgment, he prosecutes this writ of error.
The facts of the case, and the construction and effect ^ COVenant, as expounded by this court, will be seen by an inspection of the opinion heretofore delivered, and which is reported in 5th J. J. Marshall’s Reports, page 400. It will there appear that, on the first trial, it seemed that a fieri facias had been levied on Gregory’s property, and that, afterwards, Davidson replevied the judgment, and this court decided that, by that voluntary act, Davidson had released Pope from liability for any thing more than nominal damages.
But on the last trial, Davidson offered to prove, that the execution had never been levied, and that, consequently, the recital in the replevin bond to the contrary was, in fact, untrue. The Circuit Judge, however, decided that no such testimony was admissible, and moreover instructed the. jury, that they could find nominal damages only.
As the fieri facias was in the sheriff’s hands, and Gregory then had estate sufficient for satisfying it, the legal presumption is, that Davidson would never have been subjected to any material loss or damage had he been passive, and. not discharged the execution and judgment and the resulting legal lien on Gregory’s property, by replevying the debt. As suggested in the former opinion, Pope’s liability was subject, among other things, to the implied condition that Davidson should do nothing which it should not be his duty to do; or, in other words, that, if he should do his duty and nothing else, and should nevertheless suffer in consequence of his surety-ship, Pope should imdemnify him.
Now, as it was not his duty to suspend the collection of the debt by replevying, and as, moreover, it is evident that, by thus delaying the creditor, he discharged the lien on Gregory’s property, and enabled him to place it out of the creditor’s reach, the payment after-wards made by himself, was not the necessary consequence of his original obligation as a surety, but was the effect of his own unnecessary act, by which he exonerated Pope, and assumed on himself the hazard of *273 the contingencies to which the replevin subjected him. Pope’s guarantee did not embrace any such contingencies, or any such new and unnecessary hazard. It did not apply to any new bond -or agreement, which the original obligation did not render necessary, and, of course, he should not be responsible for any of the consequences of the new contract, made without his sanction, and which Davidson’s original undertaking did not impose on him any obligation to make-.
From this view of the case it becomes Immaterial whether Pope was so far a party as to be entitled to take advantage of the recital in the replevin bond and use it as an estoppel; for even if he could not rely on it as an estoppel, and even had Davidson proved, that the execution had never been levied on Gregory’s property, still the replevying of the debt being a voluntary and gratuitous act, changing and enlarging the original responsibility, — exonerated Pope from any liability, under his covenant, for any payment which Davidson was afterwards compelled to make on his replevin bond. And consequently, as the rejected testimony would, if admitted, have been unavailing, Davidson could not have been prejudiced by the refusal to permit him to introduce it.
And consequently there is, in the opinion of this court, no error in the judgment of the Circuit Court, to the prejudice of the plaintiff in error: and, therefore, the judgment must be affirmed.